IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSEPH TAYLOR, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>FTS USA, LLC, and UNITEK USA, LLC<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff Joseph Taylor, both individually and on behalf of all other similarly situated individuals, by way of his Complaint in the above-captioned matter, makes the following allegations contained herein:

### I. NATURE OF CLAIMS

1. This action is brought individually and as a collective action for unpaid minimum wages, overtime compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). The collective action provisions under the FLSA provide for opt-in class participation.

1

## II.     PARTIES, JURISDICTION, AND VENUE

2.     Plaintiff Joseph Taylor is a citizen and resident of Lawrenceville, Georgia, and was employed by Defendants as a cable installation technician in Georgia from December 2013 until July 2014.  Prior to that time, Plaintiff Taylor also worked for Defendants as a cable installation technician in Texas and Alabama.

3.     Defendant FTS USA, LLC ("FTS") is a limited liability company with its principal place of business in Blue Bell, Pennsylvania and doing business in numerous locations across the country, including Alabama, Texas, and Georgia, with a warehouse and office located in Chamblee, Georgia.  FTS is an enterprise with over $500,000 in annual revenues.

4.     Defendant Unitek USA, LLC ("Unitek") is a limited liability company with its principal place of business in Blue Bell, Pennsylvania.  Unitek owns FTS, and is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

5.     Plaintiff brings this action individually and as an opt-in, collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all employees who worked as cable installation technicians at any of Defendants' locations in the southeastern United States at any time within the three years prior to joining this lawsuit.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action is brought under 29 U.S.C. § 216(b).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B), N.D. Ga., because Defendants operate within this judicial district and division, and the unlawful labor practices giving rise to Plaintiffs' claims were committed, at least in part, within this district and division.

### III. COLLECTIVE ACTION ALLEGATIONS

8. Plaintiff brings this action on behalf of himself and all other similarly situated employees of Defendants. Plaintiff's written consent form is attached hereto as Exhibit A.

9. Plaintiff and those similarly situated were employed by Defendants to perform cable television installation and repair services.

10. Plaintiff and those similarly situated were paid a piece rate wage for each job performed.

11. Plaintiff and those similarly situated routinely worked six or seven days per week, often over 60 hours per week.

12. For example, Plaintiff Taylor worked over 70 hours per week for several weeks in December 2013, when he first began work as a technician out of

3

Defendants' Chamblee warehouse.

13. Defendants knew that Plaintiff and similarly situated technicians performed work beyond forty hours per week that required overtime pay, but failed to compensate Plaintiff and other employees for all of this work.

14. For example, Defendants' managers and supervisors implemented a company-wide policy by which they instructed Plaintiff and all similarly situated technicians not to record all of their work hours, with the promise that they would receive more lucrative assignments in the future if they did not record all of their time. In doing so, Defendants failed to accurately record all overtime hours worked by Plaintiff and similarly situated technicians, and failed to pay all overtime and minimum wages due under the Fair Labor Standards Act.

## COUNT I

**(Fair Labor Standards Act–Failure to Pay Minimum Wage)**
**(Individual and Collective Action)**

15. Plaintiff repeats and realleges each and every allegation of Paragraphs 1-13 as if restated herein verbatim.

16. Defendants FTS and Unitek are "employers" for purposes of the Fair Labor Standards Act, 29 U.S.C. § 203(s).

17. Plaintiff and the members of the Plaintiff class are covered employees under the FLSA because they were involved in interstate commerce on a regular basis during their employment with Defendants.

18. Plaintiff and the members of the Plaintiff class were employees of Defendants for purposes of the Fair Labor Standards Act during all times relevant to this Complaint.

19. Defendants failed to pay Plaintiff and the members of the Plaintiff class an hourly rate of at least the minimum wage of $7.25 per hour for each and every hour worked, as required by Section 6(a)(1)(C) of the FLSA, 29 U.S.C. § 206(a)(1)(C).

20. The failure of Defendants to compensate Plaintiff and the members of the Plaintiff class at least minimum wage was knowing, willful, intentional, and done in bad faith.

21. Plaintiff and the members of the Plaintiff class are also entitled to liquidated damages equal to the amount of unpaid minimum wages due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

22. The work and pay records of Plaintiff and the members of the Plaintiff class are in the possession, custody, and/or control of Defendants, and Defendants

are under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiff and the members of the Plaintiff class request an order of this Court requiring Defendants to preserve such records during the pendency of this action.

23. Plaintiff and those similarly situated are also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (Fair Labor Standards Act–Failure to Pay Overtime Wages)
### (Individual and Collective Action)

24. Plaintiff repeats and realleges each and every allegation of Paragraphs 1-22 as if restated herein verbatim.

25. Plaintiff and the members of the Plaintiff class routinely worked in excess of forty (40) hours per workweek for Defendants.

26. Defendants FTS and Unitek failed to pay Plaintiff and the members of the Plaintiff class at the rate of one-and-a-half times their regular rate of pay for all

6

hours worked in excess of forty hours weekly as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

27. Plaintiff and the members of the Plaintiff class are entitled to back wages at the rate of one-and-a-half times their regular rate of pay for all overtime hours worked in excess of forty hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

28. The failure of Defendants to compensate Plaintiff and the members of the Plaintiff class for overtime work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

29. Plaintiff and the members of the Plaintiff class are also entitled to liquidated damages equal to the amount of unpaid overtime compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

30. Plaintiff and those similarly situated are also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, having fully set forth their allegations against Defendants, Plaintiff respectfully requests that the Court enter judgment for the following relief:

a. An order authorizing the sending of appropriate notice to current and former employees of Defendants who are potential members of the collective action under the Fair Labor Standards Act;

b. A declaratory judgment that Defendants have willfully and in bad faith violated the minimum wage and overtime compensation provisions of the FLSA, and have deprived Plaintiff and the members of the Plaintiff class of their rights to such compensation;

c. An order requiring Defendants to provide a complete and accurate accounting of all the minimum wages and overtime compensation to which Plaintiff and the members of the Plaintiff class are entitled;

d. An award of monetary damages to Plaintiff and the members of the Plaintiff class in the form of back pay for unpaid minimum wages and overtime compensation due, together with liquidated damages in an equal amount;

e. An award of monetary damages to Plaintiff and the members of the Plaintiff class for any and all unlawful kick-backs paid to Defendants,

together with liquidated damages in an equal amount;

f. Injunctive relief ordering Defendants to amend their wage and hour policies to comply with applicable laws;

g. Pre-judgment interest;

h. Attorneys' fees and costs; and

i. Such further relief as the Court deems just and proper.

Respectfully submitted,

s/ John L. Mays
John L. Mays
Georgia Bar No. 986574
MAYS & KERR, LLC
235 Peachtree Street NE
202 North Tower
Atlanta, Georgia 30303
(404) 410-7998 (office)
(404) 855-0820 (facsimile)
john@maysandkerr.com

Harold Lichten, Pro Hac Vice Forthcoming
Matthew Thomson, Pro Hac Vice Forthcoming
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
(617) 994-5800 (office)

9

(617) 994-5801 (facsimile)
hlichten@llrlaw.com
mthomson@llrlaw.com

*Attorneys for Plaintiff*

December 23, 2015