IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSEPH TAYLOR, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FTS USA, LLC and UNITEK USA, LLC,<br><br>Defendants. | CIVIL ACTION NO.<br>1:15-CV-04461-LMM |

**ORDER**

This case comes before the Court on Defendants' Motion to Amend and Certify Order for Interlocutory Appeal [29] and Plaintiff's Motion to Toll the Statute of Limitations [32]. After due consideration, the Court enters the following Order:

**I.   BACKGROUND**

Plaintiff is a former cable installation technician who wishes to bring individual and class claims against Defendants for alleged overtime and minimum wage violations under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). On February 25, 2016, Defendants moved to dismiss Plaintiff's claims, which the Court denied. Dkt. No. [28]. On March 28, 2016, Plaintiff moved to conditionally certify the class, which the Court granted. Id.

Defendants now seek an amendment to the Court's Order granting conditional certification so that Defendants may appeal that ruling to the Eleventh Circuit. Dkt. No. [29]. In response to Defendants' Motion, Plaintiff has asked the Court to deny Defendants' request and to toll the statute of limitations for potential opt-in plaintiffs between the date of the Court's initial Order granting conditional certification and the date of this Order. Dkt. No. [32].

## II.    INTERLOCUTORY APPEAL

### a.  Legal Standard

28 U.S.C. § 1292(b) provides that a district court may certify an order for interlocutory appeal if the following three elements are met: (1) The subject order "involves a controlling question of law;" (2) there must be a "substantial ground for difference of opinion" regarding the controlling question of law; and (3) an immediate appeal from the subject order "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

However, "[t]he proper division of labor between the district courts and the court of appeals and the efficiency of judicial resolution of cases are protected by the final judgment rule, and are threatened by too expansive use of the § 1292(b) exception to it." McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004). Therefore, an interlocutory appeal under 28 U.S.C. § 1292(b) is reserved for exceptional cases and those in which "the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." McFarlin, 381 F.3d at 1259 (citing

Allapattah Servs., Inc. v. Exxon Corp., 333 F.3d 1248, 1252-53 (11th Cir. 2003); Tucker v. Fearn, 333 F.3d 1216, 1218 (11th Cir. 2003)). Accord Caterpillar, Inc. v. Lewis, 519 U.S. 61, 74 (1996) (recognizing that interlocutory appeals are intended for "exceptional" cases).

### b. Discussion

Defendants contend there are four controlling issues of law that should be decided by the Eleventh Circuit on Appeal. They are: (1) Whether "sufficient interest" in the conditional certification analysis can be shown through an affidavit from one employee; (2) Whether sufficient interest can be shown by evidence that predates the class period; (3) Whether, for purposes of the similarly situated inquiry in the conditional certification analysis, a refusal to pay for hours recorded constitutes the same policy as time-shaving; and (4) Whether allegations that two plaintiffs were part of the same piece rate payment policy are sufficient to establish similarity. For each of these issues, Defendants contend there are substantial differences in opinion and that resolution of these issues on appeal will materially advance resolution of the litigation.

#### i. Sufficient interest through affidavit

Defendants contend that their first issue, whether for purposes of conditional certification, sufficient interest in an FLSA class can be shown through a single affidavit, meets all three elements of § 1292(b). As to the first element, this Court has found that "a question of law is considered 'controlling' if the reversal of the district court's order would terminate the action." In re

Scientific-Atlanta, Inc. Securities Litig., No. 1:01-CV-1950-RWS, 2003 WL 25740734, at *2 (N.D. Ga. April 15, 2003) (citing Genentech, Inc. v. Novo Nordisk A/S, 907 F. Supp. 97, 99 (S.D.N.Y 1995)). Defendants contend that the issue is a controlling question of law because, if reversed, the collective action would not proceed. Plaintiff does not necessarily dispute that the issue is controlling, however, Plaintiff does dispute that it is a pure question of law.

As stated above, the first element of § 1292(b) requires the issue be a "pure" question of law. McFarlin, 381 F.3d at 1259. "The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." Id. In other words, the first element is not met if the issue surrounds "whether the district court properly applied settled law to the facts or evidence of a particular case." Id.

Defendants appear to argue that the question is whether, under any and all circumstances, one affidavit can show substantial interest in an FLSA collective action. Plaintiff counters that the sufficiency of the proffered affidavits can never be a pure question of law because it is necessarily a fact intensive inquiry, not a blanket rule.

As support, Plaintiff cites several cases in which courts either rejected or accepted affidavits based on the surrounding facts. See Kelly v. Taxprep1, Inc., No. 5:13-CV-451-OC-22PRL, 2014 WL 10248251, at *2 (M.D. Fla. April 2, 2014) (denying conditional certification when the affidavits were conclusory and not

4

individualized to fit the particular opt-in plaintiffs); Denson v. Architectural Coatings, Inc., No. 10-1212, 2011 WL 46122, at *2 (M.D. Fla. Jan. 6, 2011) (denying conditional certification when the plaintiffs filed only four, nearly identical affidavits that merely stated they "believed" other opt-in plaintiffs would be interested, in comparison to the four affidavits filed by the defendants stating that the affiants were unaware of any other employees interested in joining); Robinson v. Dolgencorp, Inc., No. 06-122-10, 2006 WL 3360944, at *1 (M.D. Fla. Nov. 3, 2006) (denying conditional certification when the plaintiffs provided only two affidavits out of a possible 349,999 class members and the defendants provided multiple affidavits showing disinterest in the class action). Plaintiff contends that these cases show there is no "magic number" of affidavits as Defendants suggest. Instead, each court must look to the facts of the case to determine the sufficiency of proffered affidavits.

      The Court agrees with Plaintiff. While Defendants attempt to frame this question so it appears not to need any factual inquiry, it is clear that any question about the sufficiency of an affidavit on a motion for conditional certification, whether it be one affidavit or ten, will require the Eleventh Circuit to look at the facts of the case.

      However, even if the issue were a question of pure law, the Court finds that Defendants have not met the second element of § 1292(b); namely, whether there is substantial grounds for difference in opinion. Defendants contend that the Court's finding "runs directly contrary to the holdings of numerous other district

courts within the Eleventh Circuit." Dkt. No. [29-2] at 12. As support, Defendants cite five cases where the district courts found that the claimants' proffered affidavits were insufficient. For instance, Defendants point to Rodgers v. CVS Pharmacy, Inc., No. 05-770, 2006 WL 752831, at *4 (M.D. Fla. Mar. 23, 2006), where the district court found that the plaintiff failed to established sufficient interest through two affidavits. However, Defendants neglect to mention that the court did not deny their motion for conditional certification because the plaintiff only produced two affidavits; the court denied their motion because the defendants proffered 31 affidavits by employees who indicated they did not desire to participate in the lawsuit and denied any FLSA violations. Rodgers, 2006 WL 752831 at *4. Those affidavits worked to nullify the plaintiff's affidavits.

As Plaintiff argues, the cases cited by Defendants do not show that there is any substantial difference in opinion in the Eleventh Circuit regarding the exact number of affidavits needed to demonstrate sufficient interest. Instead, these cases further demonstrate that the sufficient interest inquiry is fact intensive and does not come down to the exact number of proffered affidavits.[1] As such, this issue does not warrant granting interlocutory appeal.

---

[1] Defendants also cite Kelley v. Traxprep1, Inc., No. 13-451, 2014 WL 10248251, at *2 (M.D. Fla. April 2, 2014), where the district court found that the four proffered affidavits were mostly identical and contained only conclusory allegations; Denson v. Architectural Coatings, Inc., No. 10-1212, 2011 WL 46122, at *2 (M.D. Fla. Jan. 6, 2011), where the court found that the three affidavits were identical and stated that they merely believed others might join; White v. Kcpar, Inc., No. 05-1317, 2006 WL 1722348, at *3 (M.D. Fla. June 20, 2006), where the court concluded, without any explanation, that the plaintiff failed to show that the

*ii. Sufficient Interest and the Statute of Limitations*

Defendants contend that the Court erred when it considered Tatum's affidavit because any claims brought by Tatum would be outside the statute of limitations. Defendants attempt to frame this issue as an evidentiary issue such that the Court would not be delving into the merits of Tatum's claims. However, Defendants do not explain how the Court would *not* be delving into the merits of Tatum's claim as it would have to decide if Tatum's claim could go forward.

As Plaintiff argues, the law in this Circuit is clear that courts cannot determine the merits of an opt-in Plaintiff's claim when considering a motion for conditional certification. See Jewell v. Aaron's, Inc., No. 1:12-CV-0563-AT, 2012 WL 2477039, at *5 (N.D. Ga. June 28, 2012). While Defendants cite numerous cases saying that courts are required to determine the contours of the case during conditional certification, Defendants fail to provide any authority showing that, in doing so, a court can resolve a plaintiff's claim. Instead, in this Circuit, questions as to the merits of a plaintiff's claim are better suited for the decertification stage. Jackson v. Fed. Nat'l Mortg. Ass'n, No. 1:15-CV-01411-AT, 2016, WL 3098077, at *12 (N.D. Ga. Mar. 29, 2016). As such, this issue does not warrant interlocutory appeal as Defendants have failed to demonstrate substantial differences of opinion among the courts.

---

putative class warranted collective status as opposed to merely allowing joinder of the two opt in plaintiffs; and Robinson v. Dolgencorp, Inc., No. 06-122-10, 2006 WL 3360944, at *1 (M.D. Fla. Nov. 3, 2006), where the court denied the plaintiff's conditional certification when the two affidavits were conclusory and the defendants had provided affidavits showing lack of interest.

### *iii. Similarly Situated Inquiry: Payment Policy*

Next, Defendants contend that the Court erred when it found that Plaintiff and opt-in plaintiffs are similarly situated. Specifically, Defendants contend that Plaintiff's alleged "time-shaving" policy is different from Tatum's "refusal to pay" policy and other courts have found that these are separate claims. As support for his contention that there are substantial differences in opinion, Defendants cite one case from the Southern District of New York, <u>Castellanos v. Mid Bronx Community Housing Management Corp.</u>, No. 13-3061, 2014 WL 2624759, at *1 (S.D.N.Y. June 10, 2014).[2] In that case, the plaintiff brought a claim under the FLSA for refusal to pay any hours worked over 40 per week. <u>Castellanos</u>, 2014

---

[2] In their reply brief, Defendants contend that they cited two other cases to demonstrate substantial differences in opinion; <u>Ross v. U.S. Bank Nat. Ass'n</u>, 542 F. Supp. 2d 1014 (N.D. Cal 2008), and <u>In re Wal-Mart Stores, Inc. Wage & Hour Litig.</u>, 505 F. Supp. 2d 609, 616 (N.D. Cal. 2007). However, in their original brief, Defendants fail to actually articulate how these cases demonstrate substantial differences in opinion. Nonetheless, even if Defendants had tried to explain the relevance of these cases, the Court finds that they are, in fact, irrelevant. First, <u>Ross</u> merely discusses what it means to have a time-shaving policy. It does not discuss whether time-shaving and refusal to pay are so different that a plaintiff with time-shaving allegations cannot be similar to a plaintiff with refusal to pay allegations. In fact, when the court does mention refusal to pay, it is to say that the plaintiff's claim for "missed meal periods" is subsumed by the plaintiff's refusal to pay allegations. <u>Ross</u>, 505 F. Supp. 2d at 1024. And second, <u>Ross</u> was not dealing with conditional certification. <u>See generally id.</u>

As to <u>Wal-Mart</u>, a review of the opinion shows that the case did not involve the FLSA, but instead dealt with California labor law. Additionally, there is no discussion of class certification or the concept of similarly situated plaintiffs. However, even if the case dealt with the same issues in this case, the Court finds that there is nothing in the opinion to demonstrate a substantial difference of opinion with regard to whether plaintiffs with different but related allegations concerning lack of minimum wage compensation and/or overtime compensation can never be similarly situated. <u>See generally</u> <u>Wal-Mart</u>, 505 F. Supp. 2d at 609. As such, Defendants' reliance on these cases does not help their argument.

WL 2624759 at *3. The defendant went into default and another presiding judge granted default judgment. Id. at *1. The case was then referred to a different presiding judge to determine damages. Id.

The court determined that the plaintiff was entitled to unpaid overtime wages as a result of the defendant's refusal to pay overtime. Id. at *4. During this discussion, the court observed that the plaintiff had also alleged a time-shaving policy. Id. at *1 n.1. However, the court noted that the plaintiff eventually abandoned those allegations. Id. Other than that, the court does not discuss the difference between time-shaving policies and refusal to pay policies; nor does it discuss whether plaintiffs with time-shaving allegations are similar to plaintiffs with refusal to pay allegations. See generally id. As such, the Court finds that Defendants have not shown there is a substantial difference in opinion such that the Court should grant interlocutory appeal on the issue.

### iv. Similarly Situated Inquiry: Payment Structure

Lastly, Defendants contend that the Court found Plaintiff and the opt-in plaintiffs were similarly situated simply because they were subject to the same piece-rate wages. According to Defendants, having the same pay policy, on its own, is not enough to find plaintiffs are similarly situated.

However, the Court did *not* find that Plaintiff and the opt-in plaintiffs were similarly situated based on their pay structure alone. Instead, the Court found there were at least three similarities among Plaintiff and the opt-ins. Specifically, Plaintiff's proffered evidence showed "that he and other cable installation

technicians across three states had similar job duties, similar schedules, and the same pay structure." Dkt. No. [28] at 13-12. The Court also discussed Defendants' argument concerning alleged differences in the pay structure. The Court found that Defendants' argument was not persuasive. Because Defendants did not attack the two other areas of evidence (the similar job duties and similar schedules), the Court did not discuss them. However, just because the Court took time to discuss Defendants' argument concerning pay structure does not mean that the Court found Plaintiff and the opt-in plaintiffs were similarly situated based on their pay structure alone. Therefore, though Defendants cited several cases in support of their argument, the Court finds that the Court's Order does not create a substantial difference in opinion as it did not rely on the pay structure alone.

### v. Materially Advance Termination

Though the Court has found that Defendants' proffered issues fail to meet the first and second element of an interlocutory appeal, the Court also finds that Defendants have failed to show an appeal would materially advance the termination of this case. This is particularly true given the "fairly lenient" and "not particularly stringent" standard for conditional certification. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260-61 (11th Cir. 2008).

That is to say, the Court finds it is unlikely, given the standard, that the Eleventh Circuit would reverse the Court on Defendants' proffered issues. Therefore, if the Court were to allow interlocutory appeal, the Order would likely

go up to the Eleventh Circuit, be affirmed, and the parties would have to engage in class discovery anyways. It makes more sense to wait to appeal any decisions until the decertification stage when the Court has more facts and information and the standard for certification becomes more rigorous. As such, Defendants' Motion is **DENIED**.

### III.  TOLLING

Plaintiff asks the Court to toll the statute of limitations from the time Defendants filed their Motion to the time this Order is handed down. Unlike a Rule 23 class action, the statute of limitations continues to run for FLSA claimants until each class member affirmatively joins the suit. 29 U.S.C. § 256(b).

Plaintiff argues that Defendants' Motion was without merit and was intended to delay the notice process for opt-in plaintiffs. According to Plaintiffs, Defendants have ignored the Court's conditional certification Order and refused to discuss the notice and the production of a class list with Plaintiff's counsel.

In general, tolling the statute of limitations is appropriate only if "extraordinary circumstances" exist "that are both beyond [the movant's] control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). Many district courts have held that a delay in granting notice to potential class members may constitute "exceptional circumstances;" warranting equitable tolling. See, e.g., Casarotto v. Expl. Drilling, Inc., CV 15-41-BLG-SPW-CSO, 2015 WL 8780050, at *3 (D. Mont. Dec. 15, 2015) ("While not frivolous, [the defendant's] opposition to [the plaintiff's] motion was unlikely to

succeed . . . By opposing the motion . . . [the defendant] delayed the conditional certification . . . Equitable tolling counters the advantage that [the defendant] gained 'by withholding potential plaintiffs' contact information until the last possible moment.'"); <u>Lew v. Countrywide Fin. Corp</u>, No. C-08-1993 SC, 2009 WL 1384975, at *3 (N.D. Cal. Feb. 24, 2009) (tolling statute of limitations when the case was stayed because of a related case and the plaintiffs could do nothing about it).

     Defendants counter that their good faith motions practice does not amount to wrongful conduct that warrants equitable tolling. However, the Court is not so much concerned with the fact that Defendants submitted their Motion. Instead, the Court is concerned with Plaintiff's allegation that Defendants have ignored requests for information even though the Court has not issued a stay or told Defendants they need not produce the information until resolution of their Motion.

     Nonetheless, the Court agrees with Defendants that Plaintiff has not been as diligent as possible. Plaintiff produced one informal email asking for potential plaintiff information. Plaintiff has not proffered any formal discovery requests or asked the Court to intervene and order Defendants to produce the information. This demonstrates that Plaintiff is not completely faultless when it comes to Defendants' lack of compliance. Because Plaintiff has failed to show his own diligence in this matter, his request for equitable tolling is **DENIED**.

## IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** Defendants' Motion to Amend and Certify Case for Interlocutory Appeal [29] and Plaintiff's Motion to Toll the Statute of Limitations [32].

**IT IS SO ORDERED** this 5th day of August, 2016

_____
**Leigh Martin May**
**United States District Judge**