IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSEPH TAYLOR, individually and on behalf of all other similarly situated individuals,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FTS USA, LLC, and Unitek USA, LLC<br><br>　　　　Defendants. | )<br>)<br>)<br>)  Civil Action No. 1:15-cv-04461-LMM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION FOR AN ORDER 1) REQUIRING DEFENDANTS TO COMPLY WITH THE COURT'S CONDITIONAL CERTIFICATION ORDER TO FACILITATE NOTICE; AND 2) TOLLING THE STATUTE OF LIMITATIONS FOR POTENTIAL OPT-IN PLAINTIFFS**

**I.  Introduction.**

In this Motion, Plaintiff respectfully requests an Order requiring Defendants' compliance with the Court's May 13, 2016 Order conditionally certifying a class and approving the issuance of notice to potential class members because Defendants have refused to provide the requisite list of potential class members, despite being ordered to do so.  Plaintiff's counsel has conferred with Defendants' counsel in an effort to avoid the need for Court intervention on this issue, but these efforts have not resulted in any action by Defendants, other than Defendants

1

demanding that Plaintiff agrees to limit the scope of the certified collective before a class list would be provided.  In addition, Plaintiff asks that the Court equitably toll the statute of limitations because Defendants' ongoing refusal to comply with the Court's Order is preventing potential class members from receiving time-sensitive information about their legal rights.  Accordingly, Plaintiff now asks that the Court intervene to protect the rights of the potential class members he represents.

## II.     **Background.**

In this collective action under the Fair Labor Standards Act, Plaintiff Joseph Taylor moved for conditional certification on March 28, 2016.  In his Motion and Memorandum of Law, Plaintiff sought conditional certification, as well as permission to send attached Notice and Opt-In forms to similarly situated employees informing them of their opportunity to join this collective action under 29 U.S.C. § 216(b).  See ECF Doc.'s 22, 22-3.  The notice and opt-in form were clearly attached to the motion. In their Memorandum of Law, Plaintiff requested a 90-day opt-in period for similarly situated employees to join this action, requested that the Court permit the notice to be distributed by e-mail as well as regular mail, and discussed the suitability of the language of Plaintiff's proposed Notice.  ECF Doc. 22-3 at 17-21.

In their Opposition to Plaintiff's Motion, Defendants FTS and Unitek raised NO objection to the form or contents of the notice, the 90-day opt-in period, or e-mail distribution. See ECF Doc. 26. On May 13, 2016, the Court granted Plaintiffs' Motion for Conditional Certification in its entirety. See ECF Doc. 28. Several days later, on May 17, 2016, Plaintiff's counsel inquired via e-mail when counsel for Defendants would provide the class list and contact information, including e-mail addresses, so that the notice could be distributed as soon as possible. See E-mail from Thomson, dated May 17, 2016 (attached hereto as Ex. 1). Plaintiff's counsel invited counsel for Defendants to discuss the notice process with them over the telephone. See id. Plaintiffs' counsel never received a response.[1]

Defendants subsequently sought certification of the Court's Order for interlocutory appeal. See ECF Doc. 29. While that Motion was pending, Defendants made no effort to obtain a stay of their obligations under the Court's May 13 Order, and took no action in responding to Plaintiff's counsel or complying with the Court's Order in any other fashion. In their Opposition,

---

[1] Defendants have yet to offer any justification for their decision to ignore Plaintiffs' counsel's invitation and to ignore the Court's Order for three months where they apparently intended, for that entire time, to take the unsupported position that the Court's certification of a class covering the entire southeastern United States (that specifically referenced work in Texas) should be limited to the two states of Georgia and Florida.

Plaintiffs' requested that the Court toll the statute of limitations for potential opt-in Plaintiffs due to the significant delay caused by Defendants.

Following the Court's denial of the certification for appeal, as well as the denial of Plaintiffs' request for tolling of the statute of limitations on August 8, 2016,[2] Plaintiffs' counsel again contacted counsel for Defendants about effectuating the notice process.  See E-mail from Thomson, dated Aug. 5, 2016 (attached hereto as Ex. 2).  Counsel for Defendants responded several days later, nearly three months after the Court's Order conditional certification Order, and *for the first time raised* a number of objections to the notice contents and notice process that had never been raised before this court or with Plaintiffs.[3]  See E-mail

---

[2] As discussed in greater detail below, the Court's reasoning for denying tolling was that Plaintiffs had not demonstrated their diligence in forcing Defendants to comply with the Court's Conditional Certification Order.  However, while Plaintiffs previous tolling request was pending, they served substantial discovery requests upon Defendants on July 18, 2016.  They have also worked diligently over the past week in communicating with defense counsel, responding to defense counsel's proposal to alter the Notice previously approved by the Court, proposing a potential compromise (which Defendants declined to accept), and filing this Motion to obtain the Court's assistance in requiring Defendants to fulfill their obligations under the Conditional Certification Order from May 13, 2016.

[3] Despite the fact that Defendants failed to raise any timely objection to the form of the proposed Notice, Plaintiff's counsel informed counsel for Defendants that they were willing to incorporate many of Defendants' suggestions into the form of the Notice that was to be distributed, such as including a statement of Defendants' position in the case, reiterating that the Court has taken no position and made no rulings in the case (which had already been stated in Plaintiffs' proposed Notice, see ECF Doc. 22-1), and explaining in more detail that opt-in Plaintiffs had the opportunity to be represented by a lawyer other than Plaintiff's

from Dougherty, dated Aug. 9, 2016 (attached hereto as Ex. 2). Defendants have still failed to comply with the Court's Order, and have now stated that they only intend to comply if Plaintiffs first agree to a large number of changes to the Court-approved notice process originally set forth in Plaintiffs' Motion nearly five months ago, including the particularly unacceptable condition that the notice be limited to workers in only two states (Georgia and Florida), even though the Court has conditionally certified a collective of all FTS employees in the southeastern United States.  See id.

As discussed in greater detail below, it is apparent that Defendants have intentionally delayed compliance with the Court's Order over the previous three months, and are continuing to delay the notice process as long as possible by now stating that they will only comply with the conditional certification Order if Plaintiffs' give in to their one-sided demands that are inconsistent with the Court's Order.  It is axiomatic that by failing to raise their objections to the notice process in their original Opposition in April, or by some other Motion over the past three months, and failing to raise their objections informally with Plaintiffs' counsel despite the standing invitation to do so, Defendants have waived and forfeited all

---

counsel if he or she chose.  See E-Mail from Thomson, dated Aug. 10, 2016 (attached hereto as Ex. 2).  This discussion stalled because Defendants insisted that any Notice had to reference a certified collective that only included Georgia and Florida, which is inconsistent with the Court's certification of a class of all technicians in the southeastern United States.

objections to the contents and scope of the approved Notice.  In the meantime, Defendants have made no effort to comply with their obligations under the conditional certification Order, other than to attempt to extract unreasonable and unanticipated concessions from Plaintiff's counsel at the eleventh hour, threatening to delay the process further if Plaintiff's counsel would not accede to their demands.

For these reasons, Plaintiff requests that the Court specifically order Defendants to comply with the Court's conditional certification Order by August 26, 2016 (or a reasonable date established by the Court) by providing Plaintiff's counsel with the names, last known addresses, and e-mail addresses of all technicians who provided services to FTS from May 13, 2013 to the present in the southeastern United States, including the states of Georgia, South Carolina, Florida, North Carolina, Tennessee, Arkansas, Louisiana, Alabama, Mississippi, and Texas, so that Plaintiff's counsel may mail the Notice attached to Plaintiffs previous Motion as ECF Doc. 22-1 to all class members via regular mail and e-mail, and providing ninety days for class members to opt-in to this action.[4]

---

[4]   Plaintiffs used this definition of the "southeastern" United States because without the benefit of full discovery, this terminology represented their general understanding of the states in which Defendants conducted their business operations.  The named Plaintiffs and opt-in Plaintiff performed work for FTS in Texas, Alabama, and Georgia.

Plaintiffs also renew their request for tolling of the statute of limitations of opt-in class members because Plaintiffs have undertaken numerous efforts over the past month to secure Defendants' compliance with the Court's Order, including serving written discovery requests, continuing to communicate with counsel for Defendants, and by undertaking the filing of this Motion.  Despite Plaintiff's diligence, Defendants have yet to comply with the Court's conditional certification Order, and Notice still has not issued to similarly situated class members whose statute of limitations continues to run while Defendants obstruct the progress of this proceeding.

### III. Defendants Have Waived and Forfeited Any Objections to the Notice Approved by the Court's Order on May 13, 2016, and the Court Should Order Defendants to Provide the Necessary Information so This Notice Can Be Distributed.

As discussed above, Plaintiff filed his conditional certification motion on March 28, 2016.  In his Motion and Memorandum of Law, Plaintiff sought conditional certification, as well as permission to send attached Notice and Opt-In forms to similarly situated employees informing them of their opportunity to join this collective action under 29 U.S.C. § 216(b).  See ECF Doc.'s 22, 22-3.  In their Memorandum of Law, Plaintiff requested a 90-day opt-in period for similarly situated employees to join this action,[5] requested that the Court permit notice to be

---

[5]   See Butler v DirectSAt USA, LLC, 876 F. Supp. 2d 560, 575 (D. Md. 2012) ("Notice periods may vary, but numerous courts around the country have

7

distributed by e-mail as well as regular mail, and discussed the suitability of the language of Plaintiff's proposed Notice.  ECF Doc. 22-3 at 17-21.

In Defendants' Opposition, they made no objection to Plaintiffs' proposed notice process, or the contents of the proposed notice, which was prominently attached to Plaintiff's Motion as "Exhibit 1."  See ECF Doc. 22-1.  The Court allowed Plaintiff's Motion on May 13, 2016.  Defendants made no effort to seek clarification or reconsideration of this Order, including the Court's allowance of Plaintiff's request for a 90-day opt-in period, and the other requests in Plaintiffs' Motion.  On May 17, 2016, Plaintiff's counsel wrote to defense counsel and asked for an update on their efforts to comply with the Court's Order, requested that all e-mail addresses be produced as soon as possible to facilitate e-mail Notice, and invited counsel for Defendants to discuss any outstanding issues regarding the notice process over the telephone.  See E-mail from Thomson, dated May 17  2016 (attached hereto as Ex. 1).  Plaintiff's counsel received no response for several months.

It was not until August 8, 2016, that Defendants raised (for the first time) an objection to the scope and language of the proposed notice, nearly five months

---

authorized ninety day opt-in periods for collective actions.") (citations omitted); Harris v. Performance Transp., LLC, 2015 WL 1257404, at *6 (M.D. Fla. Mar. 18, 2015) ("courts routinely grant ninety-day opt-in periods."); Alequin v. Darden Restaurants, Inc., 2013 WL 3939373, at *8 (S.D. Fla. July 12, 2013) ("Common practice provides an opt-in period of ninety days from the date of notice."), and other cases cited in Plaintiffs' Memorandum of Law (ECF Doc. 22-3 at 18).

after the proposed notice was first served upon Defendants as an Exhibit to Plaintiffs' Motion for Conditional Certification.

It is axiomatic that a party that fails to timely raise objections or to present legal argument in Opposition to another Party's Motion forfeits and waives the right to litigate the issue later on.  See generally Lee v. Dallas Cty. Bd. of Ed., 578 F.2d 1177, 1179 (5th Cir. 1978) ("the failure of a litigant to make timely objections to alleged errors in the proceedings or to rulings by the court waives those objections…"); Hernandez v. Cowan, 200 F.3d 995, 997 (7th Cir. 2000) (party's failure to argue or at least reserve the point constituted waiver of the argument); Sanders v. Vill. of Dixmoor, Ill., 178 F.3d 869, 870 (7th Cir. 1999) ("Because [plaintiff] did not notify the trial court of the theory he now advances… he has waived any such claim there and on appeal.").  This rule exists for several reasons, chief among them that it supports notions of fundamental fairness, as well as preventing a party from gaining a tactical advantage by failing to timely raise an issue, which Defendants attempt to do here by belatedly asserting objections to Plaintiffs proposed Notice nearly five months after it was filed and three months after the Court approved its distribution, while the statute of limitations continues to run on the claims of those who may wish to join this action.

Here, Plaintiffs requested by Motion that the Court approve the contents of the Notice submitted as ECF Doc. 22-1 on March 28, 2016, and requested that the

9

Court conditionally certify a class of all technicians who worked for Defendants in the southeastern United States, and permit notice to be distributed by mail and electronic mail, providing a ninety-day opt-in period for individuals to join the action.  See ECF Doc.'s 22, 22-1, 22-3.  Defendants made no legal argument in their Opposition objecting to any of these matters, and the Court allowed Plaintiffs Motion in full.  Defendants have forfeited and waived these objections by failing to assert them in a timely manner, and Defendants cannot now condition their compliance with the Court's Order on Plaintiff's assenting to a process that is inconsistent with the prior proposal.[6]

---

[6] Defendants routinely challenge the contents of the Notice in conjunction with a plaintiff's motion for conditional certification, particularly where one has been proposed by the Plaintiffs.  As a result, there are an abundance of decisions in which courts allow a motion for conditional certification and simultaneously approve a proposed notice, as the Court did here.  See, e.g., Espinoza v. Galardi S. Enterprises, Inc., 2014 WL 5410307, at *5 (S.D. Fla. Oct. 23, 2014) (on motion for conditional certification, defendant raised, and court addressed, several objections to form of the proposed notice); Tomason v. Stanley, 2013 WL 5652040, at *7 (S.D. Ga. Oct. 16, 2013) (granting conditional certification and approving plaintiff's proposed notice); Pares v. Kendall Lakes Auto., LLC, 2013 WL 3279803, at *12 (S.D. Fla. June 27, 2013) (granting conditional certification and approving notice submitted by plaintiffs, with several amendments); Jewell v. Aaron's, Inc., 2012 WL 2477039, at *9 (N.D. Ga. June 28, 2012) (granting conditional certification and approving notice submitted);see also Scott v. Heartland Home Fin., Inc., 2006 WL 1209813, at *1 (N.D. Ga. May 3, 2006) (allowing conditional certification but declining to approve Plaintiff's proposed notice).

One of Defendants' untimely objections is their belated insistence that the conditionally certified collective only covers the states of Georgia and Florida, and Defendants have thus informed Plaintiffs that they will only allow a Notice to be sent that references these two states, and that it may only be distributed to individuals who worked in these states.  Defendants' assertion finds no support in the record, as Plaintiffs requested that the Court conditionally certify and permit notice to be sent to:  "All individuals who worked as cable installation technicians for Unitek USA, LLC and FTS USA, LLC ("Defendants") in the Southeastern United States from December 23, 2012 to the present."  ECF Doc. 22.  The Court allowed this request in full.  As Plaintiffs have previously explained, they used a definition of the "southeastern" United States because they did not have the benefit of full discovery to learn the exact locations in which Defendants conducted business.  Plaintiffs' Motion presented evidence of Defendants' company-wide overtime violations in Texas, Alabama, and Georgia, and the Monroe v. FTS lawsuit in which Defendants were found liable for similar violations of the FLSA covered Alabama, Arkansas, Florida, Louisiana, Tennessee, Texas, California, North Carolina, and South Carolina.  See Monroe, 257 F.R.D. 634, 636 (W.D. Tenn. 2009).  In this case, Defendants have refused to proceed with the notice process unless and until Plaintiffs agree to a more limited collective action than was conditionally certified by the Court, and therefore Plaintiffs also request that

11

the Court now clarify that the certified collective in this case covers the states of Georgia, South Carolina, Florida, North Carolina, Tennessee, Arkansas, Louisiana, Alabama, Mississippi, and Texas.

### IV. The Court Should Toll the Statute of Limitations from the Date of Its Conditional Certification Order to the Date that Notice is Mailed to Account for Defendants' Obstruction of the Notice Process.

As the Court recognized in its prior Order, "Many district courts have held that a delay in granting notice to potential class members may constitute "exceptional circumstances;" warranting equitable tolling." ECF Doc. 35 at 11-12 (citing Casarotto v. Expl. Drilling, Inc., CV 15-41-BLG-SPW-CSO, 2015 WL 8780050, at *3 (D. Mont. Dec. 15, 2015) ("While not frivolous, [the defendant's] opposition to [the plaintiff's] motion was unlikely to succeed . . . By opposing the motion . . . [the defendant] delayed the conditional certification . . . Equitable tolling counters the advantage that [the defendant] gained 'by withholding potential plaintiffs' contact information until the last possible moment.'"); Lew v. Countrywide Fin. Corp, No. C-08-1993 SC, 2009 WL 1384975, at *3 (N.D. Cal. Feb. 24, 2009) (tolling statute of limitations when the case was stayed because of a related case and the plaintiffs could do nothing about it)).

The Court previously denied Plaintiffs request to toll the statute of limitations, because Plaintiffs had failed to demonstrate that the delay could not have been avoided by greater diligence on the part of Plaintiff's counsel, such as

by serving discovery requests or asking the Court to intervene to order Defendants to produce the necessary information a second time.  ECF Doc. 35 at 12.

Plaintiffs renew their request for tolling, as the situation since Plaintiffs' first sought to toll the statute of limitations has changed dramatically, and Plaintiffs have now demonstrated that even with their full diligence, Defendants refuse to permit the complete notice process to go forward unless Plaintiffs will agree to dramatically limit the scope of the collective action to only two states.  Plaintiffs have continued to communicate with Defendants, but have now arrived at the present impasse.  Plaintiffs have served discovery requests on Defendants seeking a full class list, and an abundance of other information, on July 18, 2016 (two weeks before the Court's denying tolling).  See Pls.' Interrogatories and Requests for Production (attached hereto as Ex. 3).  Plaintiffs have also now been forced to invest substantial time and energy seeking the Court's assistance in requiring Defendants to comply with the Court's conditional certification Order and facilitate notice consistent with that Order.  Simply put, it is hard to imagine anything more that Plaintiff's counsel could do in order to get Defendants to comply with their obligations under the conditional certification Order, and therefore Plaintiff has demonstrated that the delay in the Notice process was beyond Plaintiff's control, and tolling is appropriate to prevent Defendants from gaining a tactical advantage from their obstruction of the notice process.

**V.      Conclusion.**

Based on the foregoing, Plaintiffs request that the Court order as follows:

1)      On or before August 26, 2016, Defendants are to provide Plaintiff's counsel with the names, last known addresses, and e-mail addresses of all technicians who provided services to FTS from May 13, 2013 to the present in the southeastern United States, including the states of Georgia, South Carolina, Florida, North Carolina, Tennessee, Arkansas, Louisiana, Alabama, Mississippi, and Texas, so that Plaintiff's counsel may send the Notice attached to Plaintiffs previous Motion as ECF Doc. 22-1 to all class members via regular mail and e-mail, providing ninety days for class members to opt-in to this action; and

2)      The statute of limitations on the FLSA claims of potential opt-in Plaintiffs shall be tolled from the date of the Court's conditional certification Order (May 13, 2016) until the date upon which Notice is mailed to all potential opt-in Plaintiffs.

Dated: August 11, 2016.

        s/Harold Lichten
        Harold L. Lichten, <u>pro hac vice</u>
        Matthew W. Thomson, <u>pro hac vice</u>
        Lichten & Liss-Riordan, P.C.
        729 Boylston St., Ste. 2000
        Boston, MA 02116
        (617) 994-5800 (office)
        (617) 994-5801 (facsimile)
        hlichten@llrlaw.com
        mthomson@llrlaw.com

        John L. Mays
        Georgia Bar No. 986574
        MAYS & KERR LLC
        235 Peachtree Street NE
        North Tower | Suite 202
        Atlanta, Georgia 30303
        (404) 410-7998 (office)
        (404) 855-4066 (facsimile)
        john@maysandkerr.com

        *Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(C) and 7.1(D), I certify that the foregoing is typewritten using Times New Roman font, fourteen (14) point type.

        s/ Harold Lichten