IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOSEPH TAYLOR, individually and on behalf of all other similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:15-cv-04461-LMM |
| v. | ) ) | |
| FTS USA, LLC, and Unitek USA, LLC | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR AN ORDER 1) REQUIRING DEFENDANTS TO COMPLY WITH THE COURT'S CONDITIONAL CERTIFICATION ORDER TO FACILITATE NOTICE; AND 2) TOLLING THE STATUTE OF LIMITATIONS FOR POTENTIAL OPT-IN PLAINTIFFS**

In this collective action under the Fair Labor Standards Act, Plaintiff has sought the Court's assistance in requiring Defendants to comply with the Court's conditional certification Order from nearly four months ago. Plaintiff has moved for an Order requiring Defendants to provide the requisite information so that Notice may be sent to all similarly situated employees across the southeastern United States. (ECF Doc. 37.) In addition, Plaintiff has requested that the Court toll the statute of limitations for those opt-in plaintiffs who have been deprived of Court-ordered Notice over the previous four months due to Defendants' delay tactics. (Id.)

Defendants' have opposed Plaintiff's Motion, relying upon a distorted view of the procedural history of this action and Defendants' obligations under the Court's conditional certification Order.  Plaintiff offers this Reply brief to correct several errors in Defendants' Opposition.

## I.    Plaintiff Does Not Seek to "Expand" the Collective as Defendants Suggest.

There is absolutely no support for Defendants' false assertion that Plaintiff is attempting to "expand" the collective that was conditionally certified in May 2016. (ECF Doc. 41 at 2, 9.)  In his conditional certification motion filed on March 28, 2016, Plaintiff requested that the Court conditionally certify a class of all technicians who worked for Defendants in the southeastern United States.  (ECF Doc.'s 22, 22-3.)  In support of his Motion, Plaintiff presented direct and uncontroverted evidence of Defendants' company-wide overtime violations in Texas, Alabama, and Georgia. (ECF Doc. 22-3 at 5-7.) A former supervisor of Defendants testified by Declaration that he participated in telephone conversations with Regional Directors, Field Supervisors, and other members of Defendants' management in which they discussed a uniform policy to require under compensation for overtime hours worked by technicians.  (Id. at 7.)  Plaintiff also cited a lawsuit in which Defendants were found liable for similar violations of the FLSA in Alabama, Arkansas, Florida, Louisiana, Tennessee, Texas, California, North Carolina, and South Carolina.  See Monroe v. FTS USA, 257 F.R.D. 634, 636 (W.D. Tenn. 2009).  Based on all of this

information, the Court granted conditional certification of a collective including all FTS technicians in the southeastern United States.

On August 9, 2016, nearly three months after the Court's conditional certification Order, Defendants' counsel informed Plaintiff's counsel _for the first time_ that they would only permit Plaintiff to send the Court-approved Notice if they first agreed that the collective had to be narrowed to two states – Georgia and Florida.  There is no support for Defendants' interpretation of the Court's conditional certification Order, and Defendants have provided no explanation for why they waited three months to inform Plaintiff's counsel of their proposed narrowing of the collective (despite an invitation to discuss any issues regarding Notice that Plaintiff's counsel sent to counsel for Defendants on May 17, 2016, which was completely ignored).

## II.   The Discovery Responses Recently Served by Defendants Further Demonstrate Their Obstruction of the Notice Process.

Plaintiff served discovery requests on Defendants seeking a full class list, and an abundance of other information, on July 18, 2016 (two weeks before the Court's previous Order denying tolling of the statute of limitations).  In response, Defendants have now provided written discovery responses in which they make the unbelievable assertion that Plaintiff is not entitled to any discovery regarding "locations outside the States of Florida and Georgia," even though the named Plaintiff and opt-in Plaintiff worked in Texas, Alabama, and Georgia, and the Court has conditionally

certified a collective covering the southeastern United States.  Defendants assert this objection in response to dozens of Plaintiff's discovery requests.[1]  (See, e.g., Def. FTS's Resp. to Int.'s at pp. 2, 3, 4, 5, 7, 8, 10, 11, 17) (attached hereto as Exh. 1).

Defendants' objections perfectly demonstrate the logical inconsistency underlying their delay tactics.  In their Opposition, Defendants have suggested that Plaintiff and his counsel are to blame for any delays in the notice process, because if Plaintiff had only served discovery requests sooner, he would have learned about "the regions in which [Defendants] operate," (Doc. 41 at 3), and Notice could have been promptly mailed to the class.  Defendants fail to explain how Plaintiff could have obtained discovery about all of the areas in which Defendants' operate in order to facilitate Notice across the southeastern United States where Defendants intend to withhold all information regarding technicians and employment practices outside of the arbitrarily chosen locations of Georgia and Florida, claiming that any information about other locations is outside the scope of discovery.

In addition, Defendants repeatedly highlight the fact that three months after the conditional certification Order, they provided a list of all technicians in Georgia and Florida.  Though it is encouraging that Defendants have apparently recognized

---

[1]     Plaintiffs' counsel has not yet completed their comprehensive review of Defendants' production and discovery responses, but after their review is finalized they anticipate that it may be necessary to move to compel production of numerous responsive documents, beginning with all documents and information related to technicians outside of the states of Georgia and Florida.

that they have some obligations under the Court's conditional certification Order, furnishing this information was nothing more than a charade. Defendants fail to note that they provided this information under the condition that Plaintiff could only send Notice to these individuals if they first agreed to a Notice that defined the collective as including only the states of Georgia and Florida, as unilaterally determined by Defendants. Recognizing that time was of the essence, Plaintiff's counsel refused Defendants' unfounded demand to limit the scope of the collective, but proposed that Notice could promptly be sent to the individuals identified in Georgia and Florida, and that the Parties could then cooperate (or seek the Court's assistance) in determining the other states included in the collective. (ECF Doc.'s 41-3, 41-5.) Defendants refused this proposed solution, and would only agree to a Notice that narrowed the collective to two states, rendering the "class list" that Defendants had provided completely meaningless.

### III.   The Court Should Toll the Statute of Limitations for Potential Opt-In Plaintiffs Given the Events Over the Past Three Months.

The Court previously observed that a delay in granting notice to potential class members could warrant equitable tolling of the statute of limitations for opt-in plaintiffs in an FLSA collective action. (ECF Doc. 35 at 11-12.)   Nevertheless, when Plaintiff filed his Opposition to Defendants' request for interlocutory appeal on June 9, 2016 (nearly three months ago), Plaintiff had not made the requisite showing to justify tolling of the statute of limitations. (Id. at 12.) Events over the

past three months demonstrate that Plaintiff has diligently attempted to secure Defendants' compliance with the conditional certification Order, but Defendants continue to obstruct the Notice process.

At the time that Plaintiff sought equitable tolling in June, the relevant facts supporting his request mainly consisted of Plaintiff's counsel reaching out to defense counsel after the Court's Order and inquiring whether there were any outstanding issues related to the notice process that needed to be addressed.  Counsel for Defendants acknowledge that this E-mail communication was ignored.  (ECF Doc. 41 at 4.)  In its Decision, the Court expressed concern "with Plaintiff's allegation that Defendants have ignored requests for information even though the Court has not issued a stay or told Defendants they need not produce the information until resolution of their Motion," but ultimately the Court noted that Plaintiff had not served formal discovery and had not sought the Court's intervention, and therefore had not been "as diligent as possible" in requiring Defendants to comply with the Court's Order. (ECF Doc. 35 at 12.)   The Court then denied the tolling request on these grounds.  (Id.)

Since June, Plaintiff has worked diligently to obtain Defendants' compliance with the Court Order, and Plaintiff's recent efforts demonstrate that formal discovery requests and extensive efforts at compromise and cooperation have been futile.  The

relevant facts, all of which occurred subsequent to Plaintiff's previous tolling request

on June 9, 2016, include the following:

- Plaintiff served Requests for Production of Documents and Interrogatories on both Defendants, seeking (among other things) "the names of all technicians who have provided cable installation services for FTS since December 2012, and for each technician… the dates that they performed such services, and the region(s) in which they worked, and their last known address." (Exh. 1 at 3-4.)

- Defendants responded to Plaintiff's discovery requests, taking the position that Plaintiffs were not entitled to conduct any discovery related to Defendants' employees or policies outside of Florida and Georgia (even though the named Plaintiff himself worked in Texas, Alabama, and Georgia). (See Exh. 1 at pp. 2, 3, 4, 5, 7, 8, 10, 11, 17.)

- Following the Court's denial of Defendants' Motion for an interlocutory appeal, Plaintiffs' counsel immediately contacted defense counsel requesting the necessary information to send notice as soon as possible. (ECF Doc. 41-1.)

- In response, Defendants falsely claimed that they had never been provided a proposed Notice and Opt-In form, even though Plaintiff had filed the proposed notice materials on March 28, 2016 along with their conditional certification motion, nearly five months earlier. (Doc.'s 22-1, 22-2.)

- Plaintiff promptly re-sent the Notice and Opt-In Form that had been submitted and served via the Court's ECF system on March 28, 2016 to Defendants' counsel. (ECF Doc. 41-3.)

- Despite the fact that in his conditional certification Motion Plaintiff had requested a 90-day opt-in period, requested that notice to be distributed by e-mail as well as regular mail, and addressed the suitability of the language of Plaintiff's proposed Notice, (ECF Doc. 22-3 at 17-21), Defendants objected to the Notice contents and process *for the first time in nearly five months*, having failed to make any written objection in their Response or other filings. (See ECF Doc. 41-2.)

- Not only did Defendants assert their objections to the Notice process in an untimely fashion, they also stated that Plaintiff could not send Notice to the collective until he agreed to Defendants' demands, chief among them that from

here forward the case would have to be limited to only two states - Florida and Georgia – as opposed to the southeastern United States.  (ECF Doc.'s 41-4, 41-6.)

- In order to facilitate Notice as quickly as possible, Plaintiff offered a compromise in which he would accept some of Defendants' changes to the March 2016 Notice,[2] send the Notice to those employees identified in Florida and Georgia, and then continue to discuss or seek the Court's assistance in determining the other states that are included in the certified collective.  (ECF Doc.'s 41-3, 41-5.)

- Defendants declined this compromise, reasserting their position that in order for Notice to go forward, Plaintiff had to agree that the collective covered only two states, as opposed to the entire region of the southeastern United States. (ECF Doc.'s 41-6, 41-7.)

- Plaintiffs then filed a Motion seeking an Order requiring Defendants to comply with the Conditional Certification Order, and renewing their request for tolling based on recent developments.  (ECF Doc. 37.)

In light of Defendants' documented obstruction of the Notice process, and Plaintiffs' diligence in attempting to obtain Defendants' compliance with the Court's conditional certification Order, it is now abundantly clear that tolling of the statute of limitations is necessary to protect the interests of the potential opt-in Plaintiffs. Since the Court's Order on May 13, 2016 granting conditional certification, to the current date, Defendants' only actions to comply with the Court Order have been to ignore Plaintiff's counsel's request to discuss the notice process, to pretend that they

---

[2]     Plaintiffs intended that if the Parties had reached agreement, particularly regarding the revised language of the Notice, they would jointly inform the Court of the agreement and seek permission to send the Notice, which would have contained slight variations from the originally proposal submitted on March 28, 2016.  Unfortunately, due to Defendants' insistence on narrowing the scope of the collective, the Parties never reached that stage of the process.

had not been provided the Notice submitted to the Court on March 28, 2016, to belatedly litigate the contents of the proposed Notice and the Notice process (which they failed to address in the previous filings), and finally to present Plaintiffs with the Hobson's choice of either agreeing to narrow the collective to only two states, or sending no Notice at all.

Meanwhile, Plaintiff has served discovery requests,[3] engaged in substantial negotiation with Defendants regarding the Notice process, and filed a Motion seeking the Court's assistance in requiring Defendants' to comply with its previous Order.  Under these circumstances, tolling of the statute of limitations is necessary, both to protect the rights of opt-in plaintiffs and to ensure that Defendants are not rewarded for their refusal to comply with the Court's certification Order over the previous four months.  See, e.g., Adams v. Inter-Con Sec. Sys., Inc., 242 F.R.D. 530 (N.D. Cal. 2007) ("Applying equitable tolling to this case… counters the advantage defendants would otherwise gain by withholding potential plaintiffs' contact information until the last possible moment.")

---

[3]     As discussed above, Defendants' position that discovery is not permitted outside of the states of Florida and Georgia demonstrates that even if Plaintiffs had served discovery requests prior to July 18, 2016, it would have been futile in facilitating notice to the class across the southeastern United States.

**IV.    There is No Merit to Defendants' Objections to the Notice, and Defendants Have Waived These Objections by Failing to Raise them in Their Opposition Filed in April 2016.**

In it noteworthy that in Defendants' Opposition, they provide _no explanation_ for their failure object to the contents of the proposed Notice or the Notice process in Defendants' Response filed in April 2016, even though all of these issues were addressed at length in Plaintiffs' Conditional Certification Motion filed on March 28, 2016.  (ECF Doc. 22-3 at 17-21; ECF Doc. 26.) Absent any explanation or authority, Defendants state only that "the Court should consider Defendants' valid objections as timely raised and not waived," even though they have been presented for the first time nearly five months after Plaintiffs sought approval of their proposed Notice on March 28, 2016.  (ECF Doc. 41 at 21.)  Defendants are attempting to stretch the definition of "timely" beyond its logical limits, and their request should be denied.

Even if the Court were to address Defendants' newly proffered concerns with the Notice process and its contents, they are mostly technical and without merit. Defendants first propose that the Notice should inform potential opt-in plaintiffs about their potential discovery obligations.  Plaintiff's proposal submitted in March has already taken this into account, stating that "You may also be asked to be a witness or to provide evidence in the case…" (ECF Doc. 22-1 at 1), and the

additional language suggested by Defendants regarding the opt-in plaintiffs' potential discovery obligations is superfluous and unnecessary.

Second, there is no reason to include language informing potential opt-in plaintiffs that "you may be responsible for Defendants' costs." Courts have held that such language is unnecessary because it will likely confuse potential opt-in Plaintiffs, and is only intended to discourage participation in the action. See, e.g., Sexton v. Franklin First Fin., Ltd., 2009 WL 1706535, at *12 (E.D.N.Y. June 16, 2009) ("However, defendants' request for language stating that opt-in plaintiffs may be responsible for costs to the defendants if they do not prevail is, in the Court's view, unnecessary and potentially confusing, and thus should not be included."); Guzman v. VLM, Inc., 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007) ("Given the remote possibility that such costs for absent class members would be other than de minimis… I think such language is inappropriate. It may have an in terrorem effect…."); Austin v. CUNA Mut. Ins. Soc., 232 F.R.D. 601, 608 (W.D. Wis. 2006) (agreeing with other courts that did not require the inclusion of court costs language in FLSA notice "because the statute is silent with respect to fee shifting for prevailing defendants and because the warning would chill participation in collective actions").

Third, as set forth in Plaintiff's original Motion, a 90-day opt-in period is reasonable and has been used by numerous Courts, and there is no reason to depart

from this practice here (especially where Defendants did not raise any objection to the 90-day period until nearly five months after Plaintiffs requested it in their original Motion).  "Notice periods may vary, but numerous courts around the country have authorized ninety day opt-in periods for collective actions." Butler v. DirectSat USA, LLC, 876 F.Supp.2d 560, 575 (D. Md. 2012) (citing Wass v. NPC Intern., Inc., 2011 WL 118774, *11 (D. Kan. Mar. 28, 2011); Calderon v. Geico Gen. Ins. Co., 2011 WL 98197, *2, 8-9 (D. Md. Jan. 12, 2011); Pereira v. Foot Locker, Inc., 261 F.R.D. 60, 68-69 (E.D. Pa. 2009)); see also Mitchel v. Crosby Corp., 2012 WL 4005535, *7 (D. Md. Sept. 10, 2012) (same); Irvine v. Destination Wild Dunes Management, Inc., 2015 WL 5638012, *2 (D. SC Sept. 14, 2015) ("The proposed notice of Plaintiff is approved as submitted.  This includes the request of Plaintiff that the putative class members be given a 90–day opt in period.") (internal citation omitted).

Fourth, Plaintiff's proposed Notice from March already informs the potential opt-in Plaintiffs that "there has not been a decision by the court as to whether the Plaintiffs' position or Defendants' position is the correct one." (ECF Doc. 22-1.) Though it seems redundant to include a second statement indicating that the Court has not taken a position regarding the merits of the case, Plaintiffs would agree to such an approach and, indeed, an agreement on this point easily could have been reached earlier if Defendants had raised this point in April, May, June, or July after Plaintiffs' had submitted their proposed Notice on March 28, 2016.

As for Defendants' final two suggestions regarding the proposed Notice, Plaintiff has already indicated that he would agree that it is reasonable to explain Defendants' denial of the allegations in the case, and that it is appropriate to inform opt-ins of their right to seek their own counsel to represent them in this action. Plaintiff's previous assent on these issues never came to fruition, as the Parties' cooperation in the Notice process reached an impasse when Defendants explained that they would only permit Notice to be sent that limited the scope of the collective to two states as opposed the entire southeastern United States.

## CONCLUSION

Based on the foregoing, Plaintiffs' Motion (ECF Doc. 37) should be allowed in full.

DATED:  Sept. 8, 2016

s/Harold Lichten

Harold L. Lichten, <u>pro hac vice</u>
Matthew W. Thomson, <u>pro hac vice</u>
Lichten & Liss-Riordan, P.C.
729 Boylston St., Ste. 2000
Boston, MA 02116
(617) 994-5800 (office)
(617) 994-5801 (facsimile)
hlichten@llrlaw.com
mthomson@llrlaw.com

John L. Mays
Georgia Bar No. 986574
MAYS & KERR LLC
235 Peachtree Street NE
North Tower | Suite 202
Atlanta, Georgia 30303
(404) 410-7998 (office)
(404) 855-4066 (facsimile)
john@maysandkerr.com

*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(C) and 7.1(D), I certify that the foregoing

is typewritten using Times New Roman font, fourteen (14) point type.

s/ Harold Lichten_____