IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSEPH TAYLOR, individually and on behalf of all other similarly situated individuals,<br><br>    Plaintiff,<br><br>v.<br><br>FTS U.S.A., LLC, and UNITEK USA, LLC,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:15-CV-04461-LMM |

## ORDER

This case comes before the Court on Plaintiff's Motion to Compel and Renewed Motion for Equitable Tolling [37]. After due consideration, the Court enters the following Order:

### I.    BACKGROUND

Plaintiff filed this class action on December 23, 2015, alleging violations of the Federal Labor Standards Act ("FLSA"). Dkt. No. [1]. On March 28, 2016, Plaintiff filed a Motion for Conditional Certification, which the Court granted on May 13, 2016. Dkt. Nos. [22, 28]. On May 17, 2016, Plaintiff's counsel emailed Defendants' counsel to discuss the notice form for potential opt-in plaintiffs. Dkt. No. [32-1] ¶ 3.

On May 23, 2016, ten days after the Court granted conditional certification, Defendants filed a Motion for Interlocutory Appeal, asking the Court to amend its Order so Defendants could appeal its decision to grant conditional certification. Dkt. No. [29]. Plaintiff filed his opposition to that Motion, and in his response, Plaintiff asked that the Court toll the statute of limitations for potential opt-in plaintiffs. Dkt. No. [32]. Plaintiff argued that Defendants never answered the May 17th email asking to discuss potential opt-in plaintiffs.

The Court denied Defendants' Motion and denied Plaintiff's tolling request on August 5, 2016. Dkt. No. [35]. The Court found that Plaintiff had not been "as diligent as possible" in getting Defendants to move forward with opt-in plaintiff notices because he never made any formal discovery requests and did not ask the Court to intervene earlier. Dkt. No. [35] at 12. As such, Plaintiff was not entitled to equitable tolling. Id.

On August 11, 2016, six days after the Court denied Plaintiff's tolling request, Plaintiff filed a Motion to Compel Defendants and Renewed Motion to Toll Statute of Limitations. Dkt. No. [37]. Specifically, Plaintiff claimed that Defendants were not cooperating or complying with the Court's conditional certification Order because they would not give a full list of potential opt-in plaintiffs. Plaintiff asked the Court to compel Defendants to provide such a list and to toll the statute of limitations based on Defendants' failure to cooperate and comply. Plaintiff claims that, since his first Motion to Toll, he has taken additional, sufficient steps to make Defendants comply.

On September 19, 2016, the Court held a telephone conference to discuss Plaintiff's Motion. Dkt. No. [44]. At that hearing, the Court addressed Plaintiff's request to compel Defendants.[1] However, the Court chose to defer ruling on the tolling issue. Now, the Court must determine whether Plaintiff is entitled to equitable tolling.

## II.  DISCUSSION

In his Motion to Compel, Plaintiff renewed his request that the Court toll the statute of limitations for potential opt-in plaintiffs. Plaintiff contends that he has made "numerous efforts over the past month to secure Defendants' compliance with the Court's Order, including serving written discovery requests, continuing to communicate with counsel for Defendants, and by undertaking the filing of this Motion." Dkt. No. [37]. However, despite his diligence, Plaintiff claims "Defendants have yet to comply with the Court's conditional certification Order, and Notice still has not issued to similarly situated class members whose statute of limitations continues to run while Defendants obstruct the progress of this proceeding." Id.

"Equitable tolling is an extraordinary remedy . . . that must be used sparingly." Downs v. McNeil, 520 F.3d 1311, 1317-18 (11th Cir. 2008). As such, equitable tolling is only acceptable "in extreme cases where failure to invoke the principles of equity would lead to unacceptably unjust outcomes." Id.

---

[1] Specifically, the Court discussed the parties' disagreement regarding the term "southeastern United States" used by Plaintiff to describe the geographical area he wished to send notices to potential opt-in plaintiffs.

As support for his renewed motion, Plaintiff notes that some courts toll the statute of limitations for opt-in plaintiffs when the defendant objects to conditional certification. For example, in <u>Casarotto v. Exploration Drilling, Inc.</u>, CV 15-41-BLG-SPW-CSO, 2015 WL 8780050, at *3 (D. Mont. Dec. 15, 2015), the court tolled the statute of limitations for potential opt-in plaintiffs because, though not frivolous, the defendant's opposition to conditional certification was unlikely to succeed. <u>Casarotto</u>, 2015 WL 8780050 at *3. Additionally, Plaintiff cites <u>Lew v. Countrywide Financial Corp.</u>, No. C-08-1993 SC, 2009 WL 1384975, at *3 (N.D. Cal. Feb. 24, 2009), where the court tolled the statute of limitations when the case was stayed for reasons outside the plaintiff's control. <u>Lew</u>, 2009 WL 1384975 at *3.

However, even with Plaintiff's additional attempts to force Defendants to comply, the Court finds that the situation does not warrant equitable tolling. Unlike the cases cited above, Plaintiff is not completely blameless for the continued delay. First, Plaintiff's initial use of "southeastern United States" was vague enough to cause Defendants some confusion over which states it had to focus on. If Plaintiff had defined "southeastern United States" earlier, it is likely that the delay would not have persisted as long as it has. Yet, Plaintiff only defined the term for the first time in his Motion to Compel.

Next, as the Court mentioned in the telephone conference, the Court's Standing Order prohibits parties from filing motions to compel. <u>See</u> Dkt. No. [5]. Once Plaintiff filed the Motion to Compel, with the renewed request for tolling

attached to it, a formal briefing period was triggered. This briefing period caused further delay as the Court had to hear from both parties on all of the issues presented therein.

The Court certainly understands Plaintiff's position that the Motion for Conditional Certification was granted several months ago, and yet, notices have not been sent out. However, because equitable tolling is such an extreme remedy, the Court is unwilling to use it when Plaintiff has contributed, at least in part, to the delay. Additionally, the parties have agreed that the notice will likely be sent out within a week. As such, the Court finds that equity does not compel it to toll the statute of limitations at this time.

### III.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** Plaintiff's Renewed Motion for Equitable Tolling [37].

**IT IS SO ORDERED** this 20th day of September, 2016

*[signature]*
LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE